**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

D. N., by and through Christine Truong, parent; CHRISTINE TRUONG,

   Plaintiffs-Appellants,

 v.

LOS ANGELES UNIFIED SCHOOL DISTRICT; et al.,

   Defendants-Appellees,

 v.

DIANE B. WEISSBURG,

   Counter-Defendant-Appellant.

</td><td>

No. 18-55913

D.C. No. 2:18-cv-01582-AB-AFM

MEMORANDUM*

</td></tr>
</table>

FILED

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Christine Truong and her counsel Diane Weissburg (collectively, "Appellants") appeal the district court's denial of their motion to strike Appellee Los Angeles Unified School District ("LAUSD")'s counterclaim alleging Appellants recorded its confidential communications in violation of California law. *See* Cal. Penal Code § 632. We affirm.

Appellants moved to strike under California's anti-SLAPP statute, which permits a court to strike claims arising out of activity in furtherance of a defendant's right of petition or free speech. *See* Cal. Civ. Proc. Code § 425.16. To succeed, Appellants must show the activity underlying LAUSD's cause of action fell within one of the four categories of activity protected under the statute. *See id.* § 425.16(e); *Equilon Enters. v. Consumer Cause, Inc.*, 52 P.3d 685, 693 (Cal. 2002). The first three categories protect "written or oral statement[s]." Civ. Proc. § 425.16(e)(1)-(3). The fourth category covers "other conduct" in furtherance of the right of petition or free speech but contains a "limitation" that the conduct be "in connection with a public issue" or an "issue of public interest." *Briggs v. Eden Council for Hope & Opportunity*, 969 P.2d 564, 571 (Cal. 1999); *see also Old*

---

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

*Republic Constr. Program Grp. v. Boccardo Law Firm, Inc.*, 179 Cal. Rptr. 3d 129, 140 (Cal. Ct. App. 2014) ("[O]nly one of the four categories of protected activity covers [noncommunicative] conduct . . . ." (alteration original) (citation omitted)).

Here, the act underlying LAUSD's counterclaim was the noncommunicative act of recording, not any subsequent publication or use of that recording. *See Lieberman v. KCOP Television, Inc.*, 1 Cal. Rptr. 3d 536, 541 (Cal. Ct. App. 2003) ("A section 632 violation is committed the moment a confidential communication is secretly recorded regardless of whether it is subsequently disclosed."). As recording a conversation does not involve making an oral or written statement, Appellants must therefore show their recording fell within this fourth category of conduct in connection with a public issue.

Assuming the recording furthered Truong's right of petition, it did not relate to a matter of public interest. The California Supreme Court has identified three nonexclusive categories of conduct that satisfy this requirement: 1) conduct concerning "a person or entity in the public eye"; 2) "conduct that could directly affect a large number of people beyond the direct participants"; and 3) conduct involving "a topic of widespread, public interest." *Rand Res., LLC v. City of Carson*, 433 P.3d 899, 907 (Cal. 2019) (quoting *Rivero v. Am. Fed'n of State, Cty.,*

3

*& Mun. Emps.*, 130 Cal. Rptr. 2d 81, 89 (Cal. Ct. App. 2003)). The recording did not fit within any of these three categories as it contained typical lunch talk among coworkers with scattered statements that Appellants contend are relevant to establishing LAUSD employees inappropriately predetermined Truong's son (D.N.) had autism. The recorded individuals are not in the public eye, nor does the fact that these individuals worked for a publicly funded institution transform the recorded conversation into a matter of public interest. *See Rivero*, 130 Cal. Rptr. 2d at 90. Nothing said in the recording affects a large number of people. D.N.'s educational plan is not the subject of widespread, public interest. Unlike other cases involving surreptitious recordings intended to gather news or expose wrongdoing to the public, Appellants have not provided any evidence that the recording would affect, or be of interest to, anyone outside of the current litigation. *See, e.g.*, *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1122 (9th Cir. 2017); *Lieberman*, 1 Cal. Rptr. 3d at 541. Because Appellants have failed to make a threshold showing that the recording relates to a public issue, we need not decide whether LAUSD demonstrated a reasonable probability of prevailing on its counterclaim. *See Santa Monica Rent Control Bd. v. Pearl St., LLC*, 135 Cal. Rptr. 2d 903, 910 (Cal. Ct. App. 2003).

**AFFIRMED.**